# IN THE COURT OF APPEALS OF IOWA

No. 20-0466
Filed June 3, 2020

IN THE INTEREST OF Z.M.,
Minor Child,

T.M., Father,
    Appellant.

_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.

A father appeals from a permanency order that established a guardianship for his child. **AFFIRMED.**

Brian T. Bappe of Bappe Law Office, Nevada, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Shannon Leighty, Nevada, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and May and Greer, JJ.

**MAY, Judge.**

A father appeals from a permanency order that established a guardianship for his child, Z.M. In January 2019, the Iowa Department of Human Services (DHS) took notice of the family after the father's ex-girlfriend told police that the father used and sold drugs within the family home. Z.M. was removed from his father's care and placed with his paternal grandparents. The father stipulated to the adjudication of Z.M. as a child in need of assistance.

In September, the juvenile court held a permanency hearing. The State recommended establishment of a guardianship. The juvenile court instead granted a six-month extension. In its order, though, the juvenile court made it clear that the father "must begin to come to terms with his substance abuse."

Still the father continued to deny drug use while testing positive for methamphetamine, amphetamine, or both. Following the March 2020 permanency hearing, the juvenile court named Z.M.'s paternal grandparents as his guardians. The father appeals.[1]

"Our review of permanency orders is de novo." *In re A.A.G.*, 708 N.W.2d 85, 90 (Iowa Ct. App. 2005). "Weight should be given to the juvenile court's findings of fact, but this court is not bound by them." *In re N.M.*, 528 N.W.2d 94, 96 (Iowa 1995). "Our paramount concern is the child's best interests." *In re A.T.*, 799 N.W.2d 148, 151 (Iowa Ct. App. 2011). The burden of proof in a permanency hearing is by convincing evidence. *See* Iowa Code § 232.104(4) (2019); *accord In re A.J.*, No. 13-0023, 2013 WL 541898, at *1 (Iowa Ct. App. Feb. 13, 2013)

---

[1] The mother was not present at any hearing and did not appeal.

(noting the burden of proof is "by convincing evidence, not by clear and convincing evidence").

The father first contends DHS did not make reasonable efforts toward reunification. In particular, he points to the failure to "perform alternative means of drug testing other than urinalysis and sweat patch," and he "request[s] hair stat tests be done to add clarity to the murky picture." While DHS must make reasonable efforts toward reunification, "the parent[] bear[s] an equal obligation to demand other, different, or additional services *before* a permanency . . . hearing." *In re A.O.*, No. 11-1937, 2012 WL 300406, at *2 (Iowa Ct. App. Feb. 1, 2012) (emphasis added). The father did not request additional services until a brief mention in closing arguments at the March 2020 permanency hearing.[2] But that request was too late. *See id.* This issue is not preserved for our review. *See A.A.G.*, 708 N.W.2d at 91.

The father also contends a guardianship is not in Z.M.'s best interest. He claims "[t]he picture created by the drug test results does not clearly indicate that the father is a drug user and therefore a decision to establish guardianship cannot be made off of this evidence." However, the father does not indicate what

---

[2] We note that at the September 2019 permanency hearing, the father's attorney stated, "We are going to object on the reasonable efforts ground in terms of fully ruling out the possibility for false positives given somewhat possibly the inaccurate nature of the past tests." But the juvenile court then asked, "Are there any other services he would like to request today?" And the father's attorney answered, "No." We do not find any request for additional services in the record until the March 2020 permanency hearing where his attorney briefly mentioned, in his closing argument, that a hair stat test should be requested. The father has not met his burden of demanding additional or other services *before* the permanency hearing. *See A.O.*, 2012 WL 300406, at *2.

alternative he requests.[3] He merely takes issue with the juvenile court's determination that a guardianship is in Z.M.'s best interest.

Following a permanency hearing, the court may enter an order "transfer[ring] guardianship and custody of the child to a suitable person." Iowa Code § 232.104(2)(d)(1). "Ordinarily, this option is not preferred over the termination of parental rights. But the best interests of a child may warrant exercise of the option." *In re J.R.*, No. 18-1922, 2019 WL 719054, at *2 (Iowa Ct. App. Feb. 20, 2019) (citation omitted).

The father continued to test positive for drugs throughout the pendency of the case. He failed to recognize or address his drug use. *See, e.g.*, *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) ("We have long recognized that an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children."); *In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020) (noting "[a] parent's methamphetamine use, in itself, creates a dangerous environment for children"). Yet it appears undisputed that the father and Z.M. are closely bonded. The father has been Z.M.'s primary caretaker for many years. Accordingly, the juvenile court established a guardianship and found "termination . . . would not be in the best interest of the child because [Z.M.] is very closely bonded to his father and termination of parental rights would be detrimental to [Z.M.]." Moreover, Z.M. has done well in his grandparents' care. The guardianship will allow Z.M. to have

---

[3] We note that at the March 2020 permanency hearing, the State requested a guardianship be established or, in the alternative, the father's parental rights be terminated. On the other hand, the father requested an additional six-month extension. But he did not make that same argument in the appeal, so we find a request for additional time is waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

a safe and stable home while maintaining his relationship with his father.  *See In re B.T.*, 894 N.W.2d 29, 34–35 (Iowa Ct. App. 2017).

Following our de novo review, we conclude establishment of a guardianship is in Z.M.'s best interest.  *See id.* (finding termination of the mother's parental rights was not in the child's best interest and remanding for an order establishing a guardianship).

**AFFIRMED.**